UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY ALICE MANY | CASE NO.: 3:12-cv-00301-JJB-SCR |
| VERSUS | JUDGE: JAMES J. BRADY |
| SORRENTO POLICE DEPARTMENT AND CATHY GIL, INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AS AN OFFICER WITH THE SORRENTO POLICE DEPARTMENT | MAG. JUDGE: STEPHEN C. RIEDLINGER |

## CATHY GIL AND THE TOWN OF SORRENTO'S ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, come defendants, Cathy Gil and the Town of Sorrento, (improperly named "Sorrento Police Department", hereinafter "defendants"), who, in answer to plaintiff's Petition for Damages, submit the following affirmative defenses, and further deny each and every allegation contained in plaintiff's Petition for Damages, except for those specifically admitted below:

1.

The allegations contained in paragraph 1 of plaintiff's Petition for Damages are denied as written. The Sorrento Police Department is not an entity capable of being sued.

2.

The allegations contained in paragraph 2 of plaintiff's Petition for Damages are denied as written.

3031641_1.DOC

1

3.

The allegations contained in paragraph 3 of plaintiff's Petition for Damages are denied as written.

4.

The allegations contained in paragraph 4 of plaintiff's Petition for Damages are denied as written.

5.

The allegations contained in paragraph 5 of plaintiff's Petition for Damages are denied as written.

6.

The allegations contained in paragraph 6 of plaintiff's Petition for Damages are denied as written.

7.

The allegations contained in paragraph 7 of plaintiff's Petition for Damages are denied as written.

8.

The allegations contained in paragraph 8 of plaintiff's Petition for Damages are denied as written.

9.

The allegations contained in paragraph 9 of plaintiff's Petition for Damages are denied as written. Defendants admit only that Cathy Gil was employed by the Town of Sorrento Police Department at the time of the incident.

3031641_1.DOC

10.

The allegations contained in paragraph 10 of plaintiff's Petition for Damages are denied.

11.

The allegations contained in paragraph 11 of plaintiff's Petition for Damages are denied.

12.

The allegations contained in paragraph 12 of plaintiff's Petition for Damages are denied.

13.

The allegations contained in paragraph 13 of plaintiff's Petition for Damages are denied.

14.

The allegations contained in paragraph 14 of plaintiff's Petition for Damages are denied.

15.

The allegations contained in paragraph 15 of plaintiff's Petition for Damages are denied.

16.

The allegations contained in paragraph 16 of plaintiff's Petition for Damages are denied.

17.

The allegations contained in paragraph 17 of plaintiff's Petition for Damages requires no response on the part of the defendants. To the extent a response is required, it is denied as written.

18.

The allegations contained in paragraph 18 of plaintiff's Petition for Damages requires no response on the part of the defendants. To the extent a response is required, it is denied as written.

**AND NOW FURTHER ANSWERING**, defendants submit the following affirmative defenses:

### FIRST DEFENSE

Plaintiff does not have any cause of action against the Sorrento Police Department as it is not an entity capable of being sued.

### SECOND DEFENSE

Defendant, Cathy Gil, is entitled to a defense of qualified immunity in that a reasonable officer would not have known that her actions with regard to Ms. Many violated her constitutional rights. Furthermore, the defendant officer was, at all times, acting prudently, properly and in good faith, in an effort to enforce the laws of the State of Louisiana.

### THIRD DEFENSE

In the event defendants, or anyone for whom they are responsible, are liable under any theory of state or federal law, defendants assert that the sole and proximate cause of any injury to plaintiff was plaintiff's own fault, and that as a result, any award to the plaintiff is barred, and/or should be reduced in proportion to the extent of that fault.

### FOURTH DEFENSE

In the alternative, in the event defendants or anyone for whom they are responsible, is found liable under any theory of State law, defendants assert the limitation of liability contained in LSA R.S. 13:5106 *et seq.*

### FIFTH DEFENSE

The plaintiff failed to mitigate her damages, if any.

### SIXTH DEFENSE

The plaintiff cannot make a claim for punitive damages against the Town of Sorrento, pursuant to *Monell vs. Department of Social Services*, 436 U.S. 658, 98 S.Cl.2018, 56 L.Ed.2d 611 (1978).

### SEVENTH DEFENSE

Defendants respectfully request that they be able to recover all costs of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. §1988.

### EIGHTH DEFENSE

The plaintiff does not have a claim for wrongful arrest pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L. Ed. 2d 383 (1994), in that the plaintiff cannot show a favorable determination of her underlying criminal conviction.

Finally, defendants also request a trial by jury.

**WHEREFORE**, defendants, Cathy Gil and the Town of Sorrento, pray:

    A.    That this answer be deemed good and sufficient, and after due proceedings, there be judgment in favor of defendants and against the plaintiff, dismissing plaintiff's demands, at plaintiff's costs;

    B.    That defendants recover all costs of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. §1988;

    C.    For such other and further relief as this Court may deem appropriate; and

    D.    For a trial by jury.

By Attorneys:

/s/John F. Jakuback
Bradley C. Myers (#1499)
John F. Jakuback (#21643)
Gina D. Banks (#27440)
Melissa B. Caruso (#31091)
KEAN MILLER LLP
II City Plaza
400 Convention Street, Suite 700
Post Office Box 3513
Baton Rouge, LA 70821
Telephone:  (225) 387-0999
Facsimile:  (225) 388-9133
***Counsel for Cathy Gil and the Town of Sorrento***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Answer to Plaintiff's Petition for Damages and Request for Trial by Jury* was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Mr. Glynn J. Delatte, Jr.
Mr. A. Thomas Dewey
DELATTE, EDWARDS & MARCANTEL
9247 Bluebonnet Blvd., Ste. C
Baton Rouge, LA 70810

Baton Rouge, Louisiana this 31st day of May, 2012.

                                          /s/John F. Jakuback

3031641_1.DOC

7

Case 3:12-cv-00301-JJB-SCR   Document 2   05/31/12   Page 7 of 7