**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARY ALICE MANY** | **DOCKET: 3:12-CV-00301-JJB-SCR** |
| **VERSUS** | **JUDGE: JAMES J. BRADY** |
| **SORENTO POLICE DEPARTMENT AND CATHY GIL, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS AN OFFICER WITH THE SORRENTO POLICE DEPARTMENT** | **MAG. JUDGE: STEPHEN C. RIEDLINGER** |

**STATUS REPORT**

A. **JURISDICTION:**

*What is the basis for the jurisdiction of the Court?*

Plaintiff:  This honorable court has jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under Louisiana law.

Defendants Sorrento Police Department and Cathy Gil individually and in her official capacity as an officer with the Sorrento Police Department:  This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under Louisiana law.  This Court has original jurisdiction to adjudicate the federal claims pursuant to 28 U.S.C. §§1331 and 1343, and supplemental jurisdiction to adjudicate the claims pursuant to 28 U.S.C. § 1367.

B. **BRIEF EXPLANATION OF THE CASE:**

Plaintiff:  On February 1, 2011, plaintiff was pulled over by Officer Cathy Gil on off ramp 182 on I-10 West in Ascension Parish.  Plaintiff, upon command, exited her vehicle and walked back to speak with Officer Gil.  After answering questions about her activities prior to being pulled over, Officer Gil read Plaintiff her rights and prepared to perform Standard Field Sobriety Tests.  Plaintiff, as she is legally entitled, refused to do any tests.  When Plaintiff refused, Officer Gil said "you are under arrest." Plaintiff was attempting to ask Officer Gil why she was being arrested and Officer Gil began yelling at her to put her hands on the car.  Plaintiff did not understand what was being said and, at that point, Officer Gil proceeded to tase Plaintiff in the chest, without reason or provocation.  Plaintiff fell to the ground, hitting her face on the pavement, and subsequently blacking out.  Officer Gil continued to yell at Plaintiff while she was on the ground.  Plaintiff attempted

to get up and Officer Gil, tased Petitioner a second time. The interaction which is the subject of this lawsuit was videotaped.

EMS was called to the scene and treated Plaintiff there, but ultimately transported her to St. Elizabeth Hospital for examination and treatment. While at the hospital, Defendant asked to use the restroom and was told by Officer Gil that she could not go until a urine kit was brought to the hospital. Once the urine kit was at the hospital, Plaintiff was taken into the bathroom, accompanied by a nurse, who proceeds to collect a urine sample. Plaintiff did not voluntarily give a urine sample, but was coerced into doing so.

Defendant Cathy Gil, assaulted, battered, and used excessive force on Petitioner violating her clearly established rights under the Fourth Amendment to be secure in her person from unreasonable seizures, under the Eighth Amendment to be free from cruel and unusual punishment, and her Fifth Amendment privileges against self incrimination. Defendant, Cathy Gil, was acting under color of authority within the meaning and intent of 42 U.S.C. §1983. Plaintiff further alleges defendant, Sorrento Police Department, negligently and/or deliberately failed to train Officer Gil and, alternatively, is respondeat superior liable for the negligent and/or intentional acts of Defendant Gil, its employee pursuant to Louisiana law. Officer Gil actions were reckless and callous to the plaintiff's federally protected rights entitling plaintiff to punitive damages pursuant to federal law. Plaintiff is additionally entitled to and desires an award of attorney's fees pursuant to Federal and Louisiana law.

<u>Defendants Sorrento Police Department and Cathy Gil individually and in her official capacity as an officer with the Sorrento Police Department</u>: On February 1, 2011, Officer Gil was dispatched to Interstate 10 Westbound in response to several calls that had been received regarding a white Honda Accord whose driver was driving recklessly. Following observation of the reckless driving, Officer Gil pulled over the plaintiff and suspected that she was driving while intoxicated. The plaintiff refused a field sobriety test. The plaintiff was then asked multiple times to turn around and place her hands on Officer Gil's vehicle; however, she continually refused to do so. The plaintiff was also advised multiple times that if she did not comply with the requests that she would be tased. The plaintiff refused to comply, and Officer Gill deployed her Taser. Officer Gil then contacted EMS to check the plaintiff, who requested that she be taken to the hospital. While at the hospital, the plaintiff advised that she needed to use the bathroom and voluntarily agreed to submit to a urine test at that time. Following discharge from the hospital, the plaintiff was transported to the Gonzales Police Department where she was eventually transferred to Ascension Parish Jail on charges of second offense DWI and resisting an officer. The defendants deny that they are liable in any way to the plaintiff, all as fully set out in their answer to the Petition for Damages as well as their affirmative defenses. The plaintiff cannot make a claim for punitive damages against the Town of Sorrento, pursuant to *Monell vs. Department of Social Services*, 436 U.S. 658, 98 S.C1.2018, 56 L.Ed.2d 611 (1978). Furthermore, the plaintiff does not have a claim for wrongful arrest pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129

L. Ed. 2d 383 (1994) and *Devenpeck v. Alford*, 543 U.S. 146, 153-54 (2004), in that the she cannot show a favorable determination of her underlying criminal conviction. Moreover, the defendants deny the alleged assault, battery, and use of excessive force. The defendants assert that at all times Officer Gil acted appropriately.

**C.  PENDING MOTIONS:**
*List any pending motions, the date filed and the basis of the motions:*

Plaintiff:  None

Defendants Sorrento Police Department and Cathy Gil individually and in her official capacity as an officer with the Sorrento Police Department: None.

**D.  ISSUES:**
*List the principal legal issues involved and indicate whether or not any of those issues are in dispute:*

Plaintiff:
(1)     Whether the plaintiff is a prevailing party under 42 U.S.C. 1988;
(2)     Whether the plaintiff was falsely arrested;
(3)     Whether the plaintiff was subjected to assault, battery, and excessive force such that her Fourth Amendment right to be secure in her person from unreasonable seizures and her Eight Amendment right to be free from cruel and unusual punishment were violated;
(4)     Whether the plaintiff was coerced to give a urine sample such that her Fifth Amendment privileges against self incrimination were violated;
(5)     Whether the actions of Officer Cathy Gil can subject the Sorrento Police Department to vicarious liability.
(6)     Whether the plaintiff is entitled to punitive damages.
(7)     Whether the plaintiff is entitled to reasonable attorney fees.

Defendants Sorrento Police Department and Cathy Gil individually and in her official capacity as an officer with the Sorrento Police Department:
(1)     Whether Officer Gil is entitled to the defense of qualified immunity;
(2)     Whether the defendants are a prevailing party under 42 U.S.C. 1988;
(3)     Whether the plaintiff was falsely arrested;
(4)     Whether the plaintiff was subjected to assault, battery, and excessive force such that her Fourth Amendment right to be secure in her person from unreasonable seizures and her Eight Amendment right to be free from cruel and unusual punishment were violated;
(5)     Whether the plaintiff was coerced to give a urine sample such that her Fifth Amendment privileges against self incrimination were violated;
(8)     Whether the actions of Officer Cathy Gil can subject the Sorrento Police Department to vicarious liability.

E.  **DAMAGES:**
*Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:*

Plaintiff's calculation of damages:

> Plaintiff:  Since discovery has not yet begun, however, there have been no such calculations as of this time. Furthermore, it is premature to attempt to calculate the plaintiff's damages, if any.

Defendant's calculation of offset and/or plaintiff's damages:

> Defendants Sorrento Police Department and Cathy Gil individually and in her official capacity as an officer with the Sorrento Police Department:  The defendants deny that they are liable to the plaintiff in any manner whatsoever.  The defendants further assert that the plaintiff is not entitled to any award for attorneys' fees.  Since discovery has not yet begun, however, there have been no such calculations as of this time. Furthermore, it is premature to attempt to calculate the plaintiff's damages, if any.

F.  **SERVICE:**
*Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:*

Plaintiff:  There are no issues with service, personal jurisdiction, or venue.

Defendants Sorrento Police Department and Cathy Gil individually and in her official capacity as an officer with the Sorrento Police Department:  The defendants have filed an answer to the plaintiff's complaint; therefore, there are no issues with service, personal jurisdiction, or venue.

G.  **DISCOVERY:**
1.  Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ] YES    [X] NO

    A.  Do any parties object to initial disclosures?

        [ ] YES    [X] NO

    B.  Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures.

        Plaintiff:  The parties have not yet completed initial disclosures.

<u>Defendants Sorrento Police Department and Cathy Gil individually and in her official capacity as an officer with the Sorrento Police Department</u>: The parties have not yet completed initial disclosures.

2. *Briefly describe any discovery that has been completed or is in progress:*

   <u>Plaintiff</u>:  None has been done at this time.

   <u>Defendants Sorrento Police Department and Cathy Gil individually and in her official capacity as an officer with the Sorrento Police Department</u>: None has been done at this time.

3. *Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.  (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)*

   <u>Plaintiff:</u>  At this time, the plaintiff does not anticipate any protective orders or other limitations on discovery at this time.

   <u>Defendants Sorrento Police Department and Cathy Gil individually and in her official capacity as an officer with the Sorrento Police Department</u>: At this time, the defendants do not anticipate any protective orders or other limitations on discovery at this time.

4. *Discovery from Experts: Identify the subject matter(s) as to which expert testimony will be offered by:*

   <u>Plaintiff:</u>  The plaintiff may call an expert in law enforcement protocol, policies, and procedures.  She reserves the right to retain medical experts, as well as an economic expert.

   <u>Defendants Sorrento Police Department and Cathy Gil individually and in her official capacity as an officer with the Sorrento Police Department</u>: The defendants may call an expert in law enforcement protocol, policies, and procedures.  They also reserves the right to retain medical experts to examine the plaintiff, as well as an expert to fully analyze the economic loss, if any, claimed by the plaintiff.

H. **PROPOSED SCHEDULING ORDER:**
1. *Recommended deadlines for amending the complaint, or adding new parties, claim, counter claims or cross claims:*

Plaintiff: **October 1, 2012**
Defendants: **October 15, 2012**

2. *Recommended deadlines for completion of fact discovery:*

    A. Exchanging initial disclosures required by FRCP 26(a)(1):

    **August 29, 2012**

    B. Filing all discovery motions and completing discovery except experts:

    **February 22, 2013**

3. *Disclosures of identifies and resumes of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):*

    Plaintiff to designate by: **February 1, 2013**
    Defendants to designate by: **March 1, 2013**

4. *Exchange of expert reports:*

    Plaintiff to provide: **March 1, 2013**
    Defendants to provide: **March 29, 2013**

5. *Completion of discovery from experts:*

    **May 10, 2013**

6. *Filing dispositive motions:*

    **May 31, 2013**

7. *If the general outline of proposed deadlines set forth in numbers 1-6 does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.*

I. **TRIAL:**
1. *Has a demand for trial by jury been made?*
    [X] YES    [ ] NO

3197164_1

2.  Estimate the number of days that trial will require:

    3-4 days

J.  **OTHER MATTERS:**
    *Are there any specific problems the parties wish to address at the scheduling conference?*

    [ ] YES    [X] NO

3.  *If the answer is yes, please explain.*

4.  *If the answer is no, do the parties want the Court to cancel the scheduling conference and enter a Scheduling Order based on the deadlines set out in this report?*

    [X] YES    [ ] NO

K.  **SETTLEMENT**
    1.  *Please set forth what efforts, if any, the parties have made to settle this case.*

        Plaintiffs: None at this time.

        Defendants Sorrento Police Department and Cathy Gil individually and in her official capacity as an officer with the Sorrento Police Department: None at this time.

    2.  *Do the parties wish to have a settlement conference?*

        [ ] YES    [X] NO

        If your answer is *yes*, at what stage of litigation would a settlement conference be most beneficial?

L.  **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE:**
    *You have the right to waive your right to proceed before a United States District Judge and you may instead consent to proceed before a United States Magistrate Judge.*

    *Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. §636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.*

*All parties agree to jurisdiction by a Magistrate Judge of this Court:*

        [ ] YES     [X] NO

If your response is "yes," all attorneys and unrepresented parties please sign the attached Consent to Proceed before a United States Magistrate Judge to indicate your consent.

Report dated:    August 20, 2012

    /s/ Todd C. Comeaux
TODD C. COMEAUX, Bar No.: 23453
Maley, Comeaux, and Falterman
4709 Bluebonnet Blvd., Ste. C
Baton Rouge, Louisiana 70809
Telephone: 225-706-9000
Fax: 225-706-9001
E-mail: tc@mcflawfirm.com
*Attorney for the plaintiff Mary Alice Many*

    /s/ Glenn DeLatte
GLYNN J. DELATTE, JR., Bar No.: 24073
A. THOMAS DEWEY, Bar No.: 31133
Delatte, Edwards &Marcantel
9247 Bluebonnet Blvd., Ste. C
Baton Rouge, LA 70810
*Attorneys for Plaintiff Mary Alice Many*

    /s/ John F. Jakuback
JOHN F. JAKUBACK, Bar No.: 21643, T.A.
john.jakuback@keanmiller.com
GINA D. BANKS, Bar No.: 27440
MELISSA CARUSO, Bar No.: 31091
Kean Miller, L.L.P.
Post Office Box 3513
II City Plaza, Suite 700
Baton Rouge, Louisiana 70821
Telephone: (225) 387-0999
Fax: (225) 388-9133
*Attorneys for Defendants Sorrento Police Department and Cathy Gil in her official capacity as an officer with the Sorrento Police Department*

3197164_1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Status Report accurately and fully incorporates the Status Report inserts heretofore received by my office, and the filing hereof into the Court's CM/ECF system shall be deemed effective as actual delivery unto all counsel of record.

Baton Rouge, Louisiana, this __20th__ day of __August__, 2012.

                                  /s/ John F. Jakuback
                                    John F. Jakuback